

1 of 1 DOCUMENT

**RICHARD ENOS; et al., Plaintiffs - Appellants, v. ERIC H. HOLDER, Jr., Attorney General; et al., Defendants - Appellees.**

**No. 12-15498**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

*2014 U.S. App. LEXIS 19798*

**October 9, 2014, Argued and Submitted, San Francisco, California**
**October 16, 2014, Filed**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1] Appeal from the United States District Court for the Eastern District of California. D.C. No. 2:10-cv-02911-JAM-EFB. John A. Mendez, District Judge, Presiding.
*Enos v. Holder, 855 F. Supp. 2d 1088, 2012 U.S. Dist. LEXIS 25759 (E.D. Cal., 2012)*

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For Richard Enos, Jeff Bastasini, Louie Mercado, Walter Groves, Manuel Monteiro, Edward Erikson, Vernon Newman, Plaintiffs - Appellants: Donald Kilmer Jr., Attorney, The Law Offices of Donald Kilmer, San Jose, CA.

For ERIC H. HOLDER, Jr., Attorney General, Defendant - Appellee: Edward Alan Olsen, Esquire, Assistant U.S. Attorney, USSAC - Office of the US Attorney,

Sacramento, CA; Michael Raab, U.S. Department of Justice, Civil Division - Appellate Staff, Washington, DC.

For ROBERT S. MUELLER, III, Director, FBI, United States of America, Defendants - Appellees: Edward Alan Olsen, Esquire, Assistant U.S. Attorney, USSAC - Office of the US Attorney, Sacramento, CA.

**JUDGES:** Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

**OPINION**

MEMORANDUM*

> \* This disposition is not appropriate for publication and is not precedent except as provided by *9th Cir. R. 36-3.*

Appellants jointly appeal the district court's decision to dismiss their request for injunctive and declaratory relief from the firearm prohibition imposed by *18 U.S.C § 922(g)(9)* ("Lautenberg Amendment"). We have jurisdiction under *28 U.S.C. § 1291.* Reviewing **[*2]** de novo the district court's order granting the motion to dismiss, *see Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)*, we affirm.

The Lautenberg Amendment does not violate Appellants' *Second Amendment* rights. Under *Chovan* (decided after *District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008))*, the Lautenberg Amendment is constitutional on its face, because the statute is substantially related to the important government purpose of reducing domestic gun violence. *United States v. Chovan, 735 F.3d 1127, 1139-41 (9th Cir. 2013)*. Additionally, there is no evidence in this record demonstrating the statute is unconstitutional as applied to the Appellants. Further, when questioned, counsel for Appellants declined to suggest such evidence exists. Therefore, the district court correctly held that amendment of the complaint would be futile. *See Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir. 2003)*.

At the time each Appellant (except Newman) entered his plea, the Lautenberg Amendment was not federal law. However, as the district court properly determined, each Appellant's plea was made voluntarily, knowingly, and intelligently. *See United States v. Navarro-Botello, 912 F.2d 318, 320-21 (9th Cir. 1990)*. The enactment of the Lautenberg Amendment did not change the validity of each Appellant's plea. "[A]bsent misrepresentation or other impermissible conduct by state agents, [Appellant's] voluntary plea . . . made in the light of the then applicable law" may not be withdrawn later, long after the plea has been accepted, "merely because

[Appellant] discovers" that he miscalculated the likely **[\*3]** penalties. *Brady v. United States, 397 U.S. 742, 757, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)* (internal citation omitted).

The Lautenberg Amendment does not violate the *Tenth Amendment*. As a federal firearms law, the Lautenberg Amendment is a valid exercise of Congress's commerce power. *See United States v. Jones, 231 F.3d 508, 515 (9th Cir. 2000)*. Although California law no longer prevents Appellants from legally possessing firearms, Appellants are also subject to federal law. Appellants have not satisfied any of the Lautenberg Amendment exceptions, and therefore, cannot legally possess firearms under federal law.

The Appellants' civil rights (the right to vote, to sit as a juror, or to hold public office) were never lost under California law. *See United States v. Brailey, 408 F.3d 609, 611-12 (9th Cir. 2005)*. Thus, Appellants' rights were not restored within the meaning of *18 U.S.C. § 921(a)(33)(B)(ii)*. *See Chovan, 735 F.3d at 1131-33*; *Brailey, 408 F.3d at 611-13*. Similarly, the relief provided to Appellants under *California Penal Codes § 1203.4* and *§ 29805* did not satisfy the Lautenberg Amendment's exception for convictions expunged or set aside. *See Jennings v. Mukasey, 511 F.3d 894, 898-99 (9th Cir. 2007)*.

**AFFIRMED**.