Law Offices of Donald Kilmer
A Professional Corporation

1645 Willow Street, Suite 150
San Jose, California 95125
E-Mail: Don@DKLawOffice.com
Phone: 408/264-8489
Fax: 408/264-8487

December 19, 2014

  Via: E-File

Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, California 94103-1526

Re: *Enos, et al., v. Holder, et al.*, Case No.: 12-15498
   Status: Appellants' Petition for Rehearing En Banc is Pending
   Action: Distribute this Fed. R. App. Proc. Rule 28(j) letter as appropriate given the current status of the case.

Your Honors:

Appellants are challenging the LAUTENBERG AMENDMENT'S restoration of firearm rights provisions for persons convicted of misdemeanor crimes of domestic violence. That challenge is predicated on SECOND AND TENTH AMENDMENT claims, with an emphasis on having the Court conduct a post-*Heller* re-interpretation of LAUTENBERG to avoid constitutional invalidation.

A case adjudicating restoration of rights, after a mental-health disqualification, was filed in the United States Court of Appeals, Sixth Circuit on December 18, 2014. *Tyler v. Hillsdale County Sheriff's Dept., et al.,* Case No.: 13-1876.

Like the plaintiff-appellant in *Tyler*, petitioners had their claims dismissed under Fed.R.Civ.Pro. 12, without the government tendering **<u>any</u>** evidence that they have not been rehabilitated.

Petitioners are presumed law-abiding citizens, having had their criminal records cleared under California law. The criminal appellant in *U.S. v. Chovan*, 735 F.3d 1127 (9th Cir. 2013) did not make that claim. *Chovan* is now in tension (and possible circuit split) with how the *Tyler* court applied strict scrutiny under these facts. *En Banc* review can address this development.

Finally, the class-based loss of fundamental rights, without 'narrowly tailored' restoration procedures addressing an individual's rehabilitation (minor crime in *Enos*, mental health in *Tyler*) is criticized by the *Tyler* Court. That class-based approach was used in *Chovan,* and is equally flawed in *Enos*.

> The Second Amendment's individual right to bear arms, identified in Heller, has "boundaries [that] are defined by the Constitution. They are not defined by Congress." *Chovan*, 735 F.3d at 1148 (Bea, J., concurring). Section 922(g)(4)'s prohibition is not necessarily improper as a matter of policy, "[b]ut the enshrinement of constitutional rights necessarily takes certain policy choices off the table." *Heller*, 554 U.S. at 636. It is not our place to say whether permanently depriving the previously institutionalized of firearms is a good or bad idea. "[O]ur task is to apply the Constitution and the precedents of the Supreme Court, regardless of whether the result is one we agree with as a matter of first principles or policy." *Heller II*, 670 F.3d at 1296 (Kavanaugh, J., dissenting).
>
> *Tyler v. Hillsdale*, at Slip Op. Pg. 46

        Respectfully Submitted,
          /s/
        Donald Kilmer
        Attorney for Appellants

# CERTIFICATE OF SERVICE

On this, December 19, 2014, I served the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY by electronically filing it with the Court's ECF/CM system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2014,

/s/ Donald Kilmer
Attorney of Record for Appellants